No. 26,479.

THE STATE OF KANSAS, *Appellee,* v. HOWARD GRAHAM, *Appellant.*

### SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Forfeiture of Transporting Automobile—Reasonableness of Search and Seizure Without Warrant.* Proceedings to condemn an automobile charged with having been used to transport intoxicating liquor considered, and *held,* search and seizure of the automobile without warrant were reasonable, and the evidence was sufficient to sustain judgment of condemnation.

Appeal from Butler district court; GEORGE J. BENSON, judge. Opinion filed February 6, 1926. Affirmed.

*Charles W. Steiger,* of El Dorado, and *Charles B. Hudson,* of Wichita, for the appellant.

*Charles B. Griffith,* attorney-general, *R. E. Boynton,* assistant attorney-general, *R. T. McCluggage,* county attorney, and *Stanley Taylor,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The appeal was taken from a judgment condemning an automobile used for transporting intoxicating liquor.

Defendant was arrested, and the automobile, a Studebaker roadster, was seized Sunday evening, August 24, 1924. During the afternoon defendant had driven the automobile here and there about the city of El Dorado. With him were Biggs and Jaquith. Jaquith lived in Wichita. In the evening they decided to go to Wichita, and wanted some liquor. Biggs had been getting liquor from a bootlegger whose name was Ben Lee. Lee's base of supply was beside a road in the country west of town. Lee was seen walking toward a filling station in El Dorado, and defendant and his companions started west. By happy coincidence, Lee also went west in a Chevrolet automobile. With him were Frees, Morgan and Mooney. An undersheriff of the county, McKnight, and a police officer of the city, Brace, undertook to follow the Studebaker car, but lost sight of it. West of town they came upon the Chevrolet car just as Lee was putting a sack of liquor into it. Lee and his customers were arrested, and the officers started to take them to town. Down the road the officers saw the lights of an automobile turned off and the dimmers turned on. As they drove by this car, which proved to be

Intoxicating Liquors, 33 C. J. pp. 679 n. 51, 687 n. 77; 3 A. L. R. 1514; 13 A. L. R. 1316; 27 A. L. R. 709.

the Studebaker car, Brace recognized Graham. The officers stopped, and Brace went back to the Studebaker car. Brace inquired of Graham if he had any liquor, and Graham said no. Graham had been drinking, and Brace said he would "shake him down." As Brace began to search the left side of the Studebaker car, Biggs inquired of Graham if Brace were "the law." Graham nodded in the affirmative, and for some reason kept on nodding his head. Biggs just happened to feel something in the pocket on the right side of the car. Biggs was astonished to find it was a bottle of corn whisky, and he promptly dashed it upon the running board, breaking the bottle. Sufficient liquor was recovered to identify it. In March, 1924, Graham had been convicted in police court of drunkenness, and on July 27, 1924, he had been convicted of a liquor offense, following the finding of liquor on the running board of an automobile parked by the side of a road, Graham and the owner of the automobile being present when the liquor was discovered.

It is contended the search and seizure without warrant were unreasonable. The Studebaker car, occupied by a man with a liquor record, and two companions, was found at bootlegger Lee's rendezvous, at nightfall on Sunday evening. Lee had just been caught in the act of delivering a sack of liquor to another car. It was manifest the Studebaker car had come there for liquor. Graham had been drinking, and the question was whether the Studebaker car had been served before the officers arrived. To wait until Monday morning for a warrant would render search useless and, under the circumstances, search without warrant was reasonable. Graham denied there was liquor in the car, Biggs tried to destroy the liquor in the car and, under the circumstances, it was reasonable to seize and hold the car until a warrant could be obtained. That was done on Monday morning.

There is a further contention that transportation of liquor was not proved. The liquor in the car was obtained from Lee, or it was transported to the vicinity of Lee's cache. From the account of what occurred given by Biggs, it appeared Lee had not served the Studebaker car before it was searched.

The judgment of the district court is affirmed.